David GRANLUND, individually and as husband; Shannon Granlund, individually and as wife, Plaintiffs—Appellants,

v.

William CLARK; Christopher Spurlock; Brian Cravens; Jeffrey Cravens; Stevens County Sheriff Department, a Municipal corporation, Defendants—Appellees.

No. 04–35322.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 4, 2005.*

Decided Aug. 10, 2005.

R.APP. P. 34(a)(2).

Mark D. Kamitomo, Esq., The Markam Group, Inc., Spokane, WA, for Plaintiffs–Appellants.

John D. Paul, III, Esq., Bevan J. Maxey, Esq., Spokane, WA, for Defendants–Appellees.

Before: THOMPSON, T.G. NELSON, and WARDLAW, Circuit Judges.

MEMORANDUM **

David and Shannon Granlund appeal the district court's denial of their motion for a continuance under Federal Rule of Civil Procedure 56(f) and grant of summary judgment in favor of the Stevens County Sheriff's Department on their claims under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we do not recount them here.

The district court properly denied the Granlunds' Rule 56(f) motion because the Granlunds did not diligently pursue discovery.[1] They could have timely obtained the information they sought if they had taken the deposition of Deputy Clark or Duane Gagnon. Moreover, at the time the Granlunds moved for a continuance, the discovery deadline had expired.[2]

The district court also properly granted summary judgment in favor of the Sheriff's Department on the Granlunds' § 1983 claims.[3] The evidence the Granlunds presented does not create a genuine issue of material fact as to whether the Sheriff's Department had a custom or policy of failing adequately to train or to supervise Deputy Clark.[4] In any event, any such custom or policy did not proximately cause the Granlunds' injury or amount to deliberate indifference on the part of the Sheriff's Department.[5] Accordingly, we affirm.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir.2002) (stating that we review a district court's denial of a Rule 56(f) motion for an abuse of discretion); *Chance v. Pac–Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n. 6 (9th Cir.2001) (stating that a district court does not abuse its discretion if the moving party "failed diligently to pursue discovery") (internal quotation marks and citation omitted).

2. *See Pfingston v. Ronan Eng'g Corp.*, 284 F.3d 999, 1005 (9th Cir.2002) (holding that the plaintiff failed to pursue discovery diligently when he waited nearly three years to conduct any discovery and filed a defective request only two weeks before the discovery deadline); *see also Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir.1996) (stating that the denial of a continuance might have been problematic if the plaintiff had outstanding discovery requests and the discovery deadline was months away).

3. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir.2001) (stating that we review a district court's grant of summary judgment de novo).

4. *City of Canton v. Harris*, 489 U.S. 378, 388–89, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir.1996).

5. *City of Canton*, 489 U.S. at 388–89, 109 S.Ct. 1197; *Van Ort*, 92 F.3d at 837.